IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Ivan Tomkins, et al., | ) | No. CV 03-335-TUC-CKJ |
| Plaintiffs, | ) | **ORDER** |
| vs. | ) | |
| Schmid Systems, Inc., et al., | ) | |
| Defendants. | ) | |

Pending before the Court are four motions: (1) Defendants' Motion to Strike Deposition Based on Plaintiffs' Fraudulent Subpoena; (2) Defendants' Motion to Hold Plaintiff in Contempt of Court's Order ;(3) Plaintiffs' Motion to Compel Defendant Floer's Deposition and Request for Attorney's Fees and Sanctions;[1] and (4) Plaintiffs' Motion for Court-Ordered Settlement Conference.

---

[1] In conjunction with his motion to compel Defendant Floer's second deposition, Plaintiff simultaneously filed a "Request for Expedited Hearing" on August 18, 2005. Plaintiffs sought to expedite the matter because the discovery deadline was August 24, 2005. The Court did not grant Plaintiffs' request. Plaintiff's request would have only allowed Defendants three full business days to respond to Plaintiff's motion to compel. Defendants had the right to file their response by September 6, 2005. *See* Local Civil Rule 7.2(c); FED.R.CIV.P. 6(a) Further, besides citing the pending discovery deadline, Plaintiff gave no other justification to support their request. A review of the record shows that the parties have been aware of the August 24, 2005 discovery deadline since at least February of 2005. *See* Doc. #80 (Scheduling Order). As their was no adequate basis for Plaintiffs' request, and it is nonetheless moot, it is denied.

1  **I. Background**

2  This case arises out of an alleged wrongful termination of Ivan Tomkins ("Plaintiff").
3  Plaintiff alleges that he was wrongfully terminated by Schmid Systems, Inc. (USA)
4  ("Schmid") through its former president, Gottfried Floer.  Plaintiff also named the parent
5  corporation, Gerb Schmid GMBH & Co ("Schmid Germany") as a Defendant, which was
6  subsequently dismissed from the case as Plaintiff failed to timely serve Schmid Germany.
7  Accordingly, the only remaining Defendants in this case are: (1) Schmid; and (2) Gottfried
8  Floer who are represented by Alan Ariav.  Plaintiff is represented by Adam Watters.

9  In an Order filed on April 27, 2005, the Court ruled on numerous motions to compel
10 discovery and for sanctions.  The Court noted in the previous Order: "Unfortunately, the four
11 motions for sanctions reflect the ongoing, contentious, uncooperative litigation between these
12 parties.  For the most part, the motions for sanctions arise out of various discovery disputes
13 between the parties . . ." *See* Doc. #96.  Since that time, it appears that nothing has changed,
14 and now the Court must rule on more motions to compel, to strike, to hold in contempt, and
15 for sanctions.

16 **II. Discussion**

17      **A. Sanctions**

18 As discussed in the Court's previous Order ruling on the various requests for
19 sanctions, FED.R.CIV.P. 37 ("Rule 37") substantially covers disputes arising from discovery.
20 Here, the disputes at issue arise from discovery disputes, and related previous Orders
21 regarding these disputes. The party seeking discovery may file a motion to compel the
22 discovery in question; if the motion is granted, that party may be awarded costs and
23 attorneys' fees. *See* Rule 37(a)(4).  However, if the motion to compel is denied, the other side
24 may be awarded costs and attorneys' fees.  *Id.*  If the court finds that the party filing the
25 motion to compel failed to make a "good faith effort" to obtain the discovery without court
26 intervention, costs and attorneys' fees may be denied.  *Id.*  In addition, costs and attorneys'
27 fees may be denied if the court finds that the "opposing party's nondisclosure, response, or
28

1  objection was substantially justified, or that other circumstances make an award of expenses
2  unjust." *Id.*

3  The purpose of sanctions "is the prevention of delay and costs to other litigants caused
4  by the filing of groundless motions . . . [it] designed to protect courts and opposing parties
5  from delaying or harassing tactics during the discovery process." *Cunningham v. Hamilton*
6  *County, Ohio*, 527 U.S. 198, 208-209 (1999).  "When a party's conduct during discovery
7  necessitates its opponent's bringing motions which otherwise would have been unnecessary,
8  the court may properly order it to pay the moving party's expenses unless its conduct was
9  'substantially justified' or other circumstances make the award 'unjust.'" *Marquis v. Chrysler*
10 *Corp.*, 577 F.2d 624, 641 (9th Cir. 1978).  If a party's actions in the discovery dispute were
11 "substantially justified," sanctions need not be imposed; an action is "substantially justified
12 . . . if reasonable people could differ as to whether the party" acted appropriately under the
13 pertinent rules of procedure. *Reygo Pacific Corp. v. Johnston Pump Co.*, 680 F.2d 647, 649
14 (9th Cir. 1982)(internal quotes and citations omitted.)  Trial courts are "afforded great latitude
15 in imposing sanctions," and such decisions to impose sanctions are reviewed for an abuse of
16 discretion. *Reygo Pacific Corp. v. Johnston Pump Co.*, 680 F.2d 647, 649 (9th Cir. 1982).

17 Further, 28 U.S.C. §1927 provides that: "Any attorney or other person admitted to
18 conduct cases in any court of the United States or any Territory thereof who so multiplies the
19 proceedings in any case unreasonably and vexatiously may be required by the court to satisfy
20 personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such
21 conduct." Trial courts also have the "well-acknowledged inherent power ... to levy sanctions
22 in response to abusive litigation practices." *Fjelstad v. American Honda Motor Co., Inc.*, 762
23 F.2d 1334, 1338 (9th Cir. 1985).  Thus, the "decision whether to penalize a party for dilatory
24 conduct during discovery proceedings is committed to the sound discretion of the trial court."
25 *Bollow v. Federal Reserve Bank of San Francisco*, 650 F.2d 1093, 1102 (9th Cir. 1981); *see*
26 *also Marquis*, 577 F.2d at 641 ("Imposition of discovery sanctions is committed to the trial
27 court's discretion."); *Dahl v. City of Huntington Beach*, 84 F.3d 363, 367 (9th Cir. 1996)("The
28 district court has great latitude in imposing sanctions for discovery abuse, and this court

reviews such decisions for abuse of discretion."); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44 (1991)(holding that it is firmly established that federal courts have inherent power to sanction individuals for contempt of court, that this power extends to both conduct before a court and that beyond the court's confines, and that a court has discretion to fashion sanctions as it deems appropriate under the circumstances of the case.)

### 1. Defendants' Motion to Strike Deposition Based on Plaintiff's Fraudulent Subpoena

On July 20, 2005, Plaintiff served a subpoena on a non-party witness, Greg Michel, for a July 22, 2005 deposition in Olympia, Washington; Olympia falls within the bounds of the U.S. District Court for the Western District of Washington. Defendants previously told Plaintiff that they were available on July 22, 2005 for the deposition, and Plaintiff thereafter scheduled the deposition for that date based on Defendants input.  Michel appeared for the deposition on July 22, 2005, and Defendants also appeared telephonically for the July 22, 2005 deposition as scheduled.  Nonetheless, Defendants found it necessary to file the motion to strike at issue.  First, it appears that the "motion to strike" is simply a veiled attempt to retroactively quash a subpoena; as Defendants admit, they have no such standing to obtain relief on such a motion.  Second, Defendants have suffered no prejudice by Plaintiff's actions; Defendants were consulted as to the deposition date, the deponent appeared for the deposition at the correct location and time, and Defendants appeared telephonically for the deposition.  Third, contrary to the one argument made for the invalidity of the subpoena in Defendants' motion (as opposed to the new arguments for invalidity made in the reply brief to which Plaintiff had no chance to address), Plaintiff's counsel had the authority to issue deposition subpoenas on behalf of any district court in the country as he is an attorney that has a case pending before an Arizona federal district court and he is admitted to practice before the Arizona federal district court.  *See* FED.R.CIV.P. 45(a)(3); *Kupritz v. Savanah College of Art & Design*, 155 F.R.D. 84, 87 (E.D. Pa. 1994); William W. Schwarzer, et al., Federal Civil Procedure Before Trial §11:2268 (2005).  Lastly, while it is true that Plaintiff failed to comply with some of the subpoena requirements in FED.R.CIV.P. 45, the deponent

1 appeared for the deposition and testified that he would have appeared for the deposition even
2 without a subpoena. If the deponent failed to appear for the deposition and Plaintiff failed
3 to serve a valid subpoena, then Defendants would actually have grounds for a sanction.
4 However, under the circumstances at issue, Defendants are not entitled to relief. In addition,
5 at the hearing on the pending motions, Defendants withdrew the motion in question. As
6 Plaintiff did in fact fail to comply with various requirements in FED.R.CIV.P. 45, it appears
7 that Defendants had at least some basis for their motion; as such, Plaintiff's request for
8 sanctions in having to respond to the motion is denied.

**2. Defendants' Motion to Hold Plaintiff in Contempt of Court's Order**

In an Order filed on July 5, 2005, the Court stated:

> Defendants have . . . filed a motion to compel Plaintiffs to produce the entire inadvertently sent email received by Ivan Tomkins regarding the schedule for the Schmid conference in California. At the previous hearing on the last four motions for sanctions, Defendants' counsel requested the entire email in question; Plaintiffs' counsel responded that he produced everything Tomkins gave to him, which was the attachment to the email. However, as Defendants correctly argue, the email page itself which has information as to who sent and received the email was not produced, and was not specifically addressed by the Court. As Tomkins must have received the initial email containing sender and receiver information to have received the attachment already disclosed, Tomkins is ordered to produce that page. To the extent Tomkins may claim he no longer has that page, he shall file an affidavit with the Court attesting to the fact that he no longer has the printed out email page in question, that this email is no longer easily accessible via Tomkin's computer, and explaining what he did with the initial email page. Tomkins shall disclose or file an affidavit within 14 days of the filing date of this Order.

*See* Doc. #111.

Pursuant to that Order, Plaintiff had to produce the email or file an affidavit within 14 days. There is no dispute that Plaintiff failed to comply with the Court's Order. Rather, Plaintiff never produced the email and still has not filed an affidavit to make it a part of official the record in this case; rather, Plaintiff faxed an affidavit to the Court on August 5, 2005. Plaintiff's counsel argues that it was impossible to meet the Court's deadline because Tomkins, unbeknownst to counsel, went on a business trip to New York. Further, counsel states that he left several messages for Tomkins, but Tomkins failed to return his calls until after the Court's deadline had expired. After the deadline expired, while on a cross country car trip, Tomkins stopped at roadside faxes to send the affidavit; both attempts to fax,

- 5 -

1 however, failed. Thereafter, Plaintiff's counsel contacted Defendants explaining the
2 situation, but to Plaintiff's chagrin, Defendant's filed the motion in question.

3       Defendants' suggested sanction of dismissing the entire case is obviously too harsh
4 considering the infraction, but some form of sanction is appropriate. Plaintiff has previously
5 been warned and sanctioned for failing to comply with numerous rules of procedure, and
6 should know to make every reasonable effort possible to comply with an actual Order from
7 the Court. In its April 25, 2005 Order, the Court stated that the "sanction against Plaintiff
8 should encourage him to fully comply with the rules of procedure and relevant case law prior
9 to acting or submitting a motion; Plaintiff's failure to do this has resulted in the Court having
10 to expend additional time resolving unnecessary disputes such as the one at bar." *See* Doc.
11 #96. Again, in a June 29, 2005 Order denying Plaintiff's motion for reconsideration of
12 sanctions, the Court stated that "Plaintiffs were previously sanctioned for failing to comply
13 with numerous rules of procedure which forced the Defendants to unnecessarily incur costs
14 and unnecessarily required the Court's intervention; both of these unnecessary events could
15 have been avoided if Plaintiffs complied with the rules of procedure as discussed in the
16 Court's previous Order.." *See* Doc. #111.

17       Here, Plaintiff had a full two weeks to comply with a simple Order of the Court to
18 either turn over a one page email, or file an affidavit consisting of a few sentences explaining
19 why Plaintiff no longer had the email. While Plaintiff's counsel argues that it "proved
20 impossible" to comply with the Court's Order, the Court finds this difficult to accept. While
21 Tomkins was apparently in New York during the time at issue and Tomkins' counsel
22 apparently left messages for him in Tucson because he did not know Tomkins was in New
23 York, compliance would not have "proved impossible" if one of the following occurred: (1)
24 Tomkins picked up a phone in New York and called into his relevant answering
25 machine/voicemail to check his messages during the two week period in question; (2)
26 Tomkins picked up a phone in New York and called someone to check and relay any
27 messages left for him during the two week period in question; (3) Tomkins informed counsel
28 of his whereabouts, and left contact information (cell phone, hotel numbers, email, the

- 6 -

1 number of anyone who would know how to contact him, etc.).  As Plaintiff chose to file this
2 lawsuit, it is more than reasonable to expect that he would have done one or more of the
3 above in order to comply with the obligations that may arise throughout his lawsuit.  Further,
4 the Court notes that counsel was aware of the deadline for two weeks and must have been
5 cognizant of Tomkins' failure to respond to his messages.  As such, Plaintiff could have and
6 should have filed a motion for an extension of time prior to the expiration of the deadline;
7 pursuant to FED.R.CIV.P. 6(b), the Court may grant an extension of time for "cause shown"
8 if the request is made prior to the deadline.  However, where the request for an extension of
9 time is made after the deadline (or not at all, as in this case), the extension can only be
10 granted for "excusable neglect."  None of these undemanding steps were taken by Tomkins
11 or counsel.  Nevertheless, as Defendants withdrew their motion for contempt at the hearing
12 on the pending motions, Defendants motion is denied as moot.

### 3. Plaintiff's Motion to Re-Depose Defendant Floer

14 The discovery deadline in this case was August 24, 2005; this deadline has been in
15 place since February 28, 2005.  *See* Doc. #80.  Nonetheless, Plaintiff waited until August 18,
16 2005 to file his motion to compel a second deposition of Defendant Floer.  Plaintiff initially
17 deposed Floer on February 28, 2004 for approximately two hours.  Because Plaintiff had not
18 yet obtained various financial documents relating to Defendants prior to the deposition,
19 Plaintiff's counsel stated at the deposition that he thought it would be necessary to take a
20 second deposition of Floer once more documents were obtained.  Nearly 16 months after
21 taking Floer's initial deposition, and many months after obtaining documents pertaining to
22 Defendants' financial condition, Plaintiff requested a second deposition from Floer in a letter
23 dated August 10, 2005.  Due to the long passage of time, Defendants reasonably objected to
24 Plaintiff's request which was only 14 days prior to the discovery deadline.  Generally, where
25 a litigant seeks to depose a party for a second time, he must obtain leave of court.  *See*
26 FED.R.CIV.P. 30(a)(2)(B).  However, where the other side has already stipulated to a second
27 deposition of the deponent in question, then leave of court is not required to re-depose the
28 opposing party.  *See* FED.R.CIV.P. 30(a)(1) & (2); Adv. Comm. Notes to 1993 Amendments

to FED.R.CIV.P. 30(a)(2).  As Defendants admit[2] that they agreed to allow Floer's second deposition, Plaintiff's motion to compel such deposition is granted.  The parties previously agreed that this second deposition would take place telephonically.  Accordingly, despite the expiration of the discovery deadline,[3] Plaintiff shall depose Defendant Floer (and he shall make himself available) via telephone within 14 days of the filing date of this Order.  As Defendants arguably acted reasonably[4] (as discussed above) in opposing the second deposition, Plaintiff's request for sanctions and attorney's fees is denied.  In light of the delay related to Floer's deposition, Plaintiff shall have an additional 30 days to file his response to Defendants' Motion for Summary Judgment.

### 4. Plaintiff's Motion to Compel Settlement Conference

Lastly, Plaintiff has filed a motion asking the Court to compel the parties to attend a settlement conference.  While the Court certainly has the discretion to order such a conference, the Court declines to given that a dispositive motion has been filed by Defendants.  As such, Plaintiff's request is denied without prejudice at this time.

### III. Conclusion

Accordingly, IT IS HEREBY ORDERED as follows:

(1) As Defendants' Motion to Strike Deposition Based on Plaintiffs' Fraudulent Subpoena was withdrawn, it is **denied as moot**;

---

[2] *See* Defendants' Response to Motion to Compel at 2 (". . . Defendants' counsel did agree to allow resumption of Floer's deposition . . .").

[3] Besides this one telephonic deposition, no other discovery will be permitted.

[4] The Court notes that Defendants could have simply allowed Floer's second deposition to proceed in the spirit of cooperation and pursuant to their previous agreement to do so. However, Defendants refused to do this which once again has contributed to the continued waste of time and resources in this case as Plaintiff was forced to file the motion at issue to which Defendants had to respond.

1  (2) As Defendants' Motion to Hold Plaintiff in Contempt of Court's Order was withdrawn, it is **denied as moot**;

3  (3) Plaintiffs' Motion to Compel Defendant Floer's Deposition and Request for Attorney's Fees and Sanctions is **granted in part and denied in part**;

5  (4) Plaintiffs' Motion for Court-Ordered Settlement Conference is **denied without prejudice**; and

7  (5) As discussed at the hearing, due to the continuing lack of professionalism demonstrated by the attorneys for both parties throughout this case, they are ordered to jointly contact **Kip Micuda** who is the Director of the Attorney/Consumer Assistance Program for the State Bar of Arizona. Mr. Micuda's phone number is 602-340-7270. The attorneys shall contact Mr. Micuda no later than 4:00 p.m. on 10/18/05, and Mr. Micuda will set up a meeting at a time and place that he deems appropriate; the purpose of the meeting is to conduct an informal mediation regarding various problematic issues that have arisen in this litigation. The Court has forwarded this Order, the docket report, two previous Orders (Doc. #96, #111), and an excerpt of a deposition (attached to Defendants reply brief, Doc. #119) to Mr. Micuda for his review. After contacting Mr. Micuda, the parties shall inform the Court of the date, time, and location of their meeting, and the issues that will be discussed at the meeting as directed by Mr. Micuda. Lastly, within 5 days after meeting with Mr. Micuda, the parties shall file a joint report with the Court detailing what occurred at the meeting. Failure to comply with this Order and failure to cooperate with Mr. Micuda will result in sanctions.

DATED this 13th day of October, 2005.

_____
Cindy K. Jorgenson
United States District Judge